JUDY SCHILLING

VERSUS

LOUISIANA DEPARTMENT OF
TRANSPORTATION AND
DEVELOPMENT

NUMBER: 615039 SEC. **SEC. 23**

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

COST OK $ 830

SEP 21 2012

DEPUTY CLERK OF COURT

*******************************************************************

## PETITION

The petition of **JUDY SCHILLING**, a resident of the Parish of Tangipahoa, State of Louisiana, respectfully represents as follows:

1.

Named Defendant herein is the **LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**, an agency of the State of Louisiana.

2.

The State of Louisiana has waived its sovereign immunity to suit in contract and tort. La. Const. Art. XII, § 10(A). This action raises violations that arise under both tort and contract.

3.

Venue is proper in East Baton Rouge Parish pursuant to La. Rev. Stat. 13:5104(A).

4.

[margin note: Civil Service?]

The plaintiff was hired by the Defendant on October 6, 1997. On February 13, 2002, the Defendant promoted the Plaintiff to the position of Accounting Specialist 2, where she remained for the duration of her employment.

5.

The Plaintiff was a good and faithful employee and served the interests of her employer to the best of her ability for approximately fourteen (14) years.

6.

At all times relevant hereto, the Plaintiff was a disabled individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 1202(1)(A) and the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:322(1) because she suffered from rheumatoid disease, rheumatoid arthritis, West Nile Virus, Bell's Palsy and Degenerative Disc Disease.

REC'D C.P.

Certified True and Correct Copy
eCertID: 000049994
Dianna J. Mahan
East Baton Rouge Parish Deputy Clerk of Court
Generated Date: SEP 25 2012
9/25/2012 4:28 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S 14:132, 133, and/or RPC Rule 3.3(a)(3)

EBR1502597

7.

The Plaintiff was diagnosed with rheumatoid disease on July 8, 2005, rheumatoid arthritis in November of 2005, and West Nile Virus and Bell's Palsy on September 20, 2006. During her employment, the Plaintiff also suffered from symptoms of Degenerative Disc Disease, which went undiagnosed until September of 2011. These conditions have caused the Plaintiff to suffer severe and chronic pain throughout her body, making it difficult for the Plaintiff to be mobile. The Plaintiff's West Nile Virus causes depression-like symptoms, decreased concentration, imbalance and limited mobility. The Plaintiff's conditions and symptoms are exacerbated by stress.

8.

At all times relevant hereto, the Plaintiff was also a qualified individual as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8) and the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:322(8) as she successfully performed her duties as an Accounting Specialist 2 for approximately ten (10) years.

9.

At all times relevant hereto, the Defendant had knowledge of the Plaintiff's disabilities and was aware of the nature and extent of the Plaintiff's disabilities and her limitations.

10.

The Plaintiff made several and repeated requests for reasonable accommodations to the Defendant. The Defendant failed to make a good faith effort to engage in the interactive process with the Plaintiff regarding her need for reasonable accommodations.

11.

The Plaintiff made four requests for reasonable accommodations. First, in July of 2007, the Plaintiff verbally requested a handicapped parking space to alleviate the pain and swelling her conditions sometimes caused while walking. Second, on August 14, 2007, the Plaintiff requested the door to her office be re-installed to facilitate concentration. Third, in March of 2008, the Plaintiff requested that she be allowed to wear slipper-like shoes to work to alleviate the pain in her upper and lower extremities, reduce the compression on her legs and aid in balance. Finally, in April of 2008, the Plaintiff requested her schedule be changed to four (4), ten


Certified True and Correct Copy
eCertID: 000049994
Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
9/25/2012 4:28 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

(10) hour days, per week, having either Monday or Friday off. This request was necessary to allow the Plaintiff three (3) consecutive days off to recuperate, thereby reducing her need for sick leave.

12.

The Plaintiff and her treating physicians provided any and all necessary and requested documentation as requested by the Defendant and required by law.

13.

The Plaintiff consistently reiterated the need for these requested accommodations.

14.

The Defendant failed to timely provide the Plaintiff with the requested reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A) and the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:322(9). The Defendant failed to timely provide these accommodations without engaging in a good faith interactive process, and without making any showing that the accommodations would impose an undue hardship on the Defendant.

15.

The Defendant's refusal to provide the requested reasonable accommodations caused the Plaintiff's conditions to worsen.

16.

The Plaintiff was also harassed and subjected to a hostile work environment in retaliation for requesting reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(a) and the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:301-369. This harassment and retaliation includes, but is not limited to the following instances. The Defendant repeatedly denied the Plaintiff's requests for an office door, while suggesting that the Plaintiff sought preferential treatment. The Defendant consistently asked the Plaintiff to provide additional and unnecessary medical documentation to support her requested accommodations. The Defendant made no effort to grant the Plaintiff's requested schedule modifications knowing the Plaintiff would be forced to exhaust FMLA and sick leave to accommodate her conditions. The Defendant denied the Plaintiff's requested schedule modification despite allowing other,



Certified True and Correct Copy
eCertID: 000049994

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

3

Generated Date:
9/25/2012 4:28 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

non-disabled employees flexibility in their schedules. The Defendant also made harassing remarks toward the Plaintiff: stating that the Plaintiff was working herself out of a job, asking if she was ever going to get well and what the Plaintiff would do if she ran out of sick leave, and stating that the Defendant was sick of accommodating people on FMLA leave. Finally, the Defendant made reference to its denial of the Plaintiff's requests for accommodation when similarly denying the requested accommodations of other disabled employees.

17.

The Plaintiff timely filed a charge of discrimination with the EEOC alleging discrimination based on disability and retaliation. After investigation, the EEOC determined that the Defendant violated the Americans with Disabilities Act by denying the Plaintiff's requested reasonable accommodations and subjecting the Plaintiff to harassment in retaliation for making those requests.

18.

The Plaintiff received a Right to Sue Letter from the EEOC less than ninety (90) days prior to the filing of this action, as required by 42 U.S.C. §12117(a). Similarly, the Defendant received written notice thirty (30) days prior to the filing of this action when it was notified of the Plaintiff's EEOC charge of discrimination, as required by La. Rev. Stat. 23:303(C).

19.

The Plaintiff has exhausted all administrative remedies as provided by law, prior to the filing of this action.

20.

The Plaintiff wishes to notify the Defendant and the Court that she intends to file an additional charge of discrimination, arising out of the same or similar set of facts, with the EEOC for the Defendant's wrongful discharge of the Plaintiff, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), and the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:323(B)(2). After the exhaustion of administrative remedies, the Plaintiff reserves the right to amend this petition to include a cause of action under the Americans with Disabilities Act and the Louisiana Employment Discrimination Law for wrongful discharge.


Certified True and Correct Copy
eCertID: 000049994
Dianna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
9/25/2012 4:28 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

21.

The Defendant's refusal of the Plaintiff and her treating physicians' requests for accommodations has caused the Plaintiff to suffer wage losses, loss of enjoyment of life, loss of retirement benefits and mental anguish and emotional distress. The Plaintiff respectfully requests a trial by jury.

**WHEREFORE**, the Plaintiff, JUDY SCHILLING, respectfully prays for judgment as follows:

1. Finding and declaring that the refusal of the Defendant to provide the Plaintiff with reasonable accommodations violated the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq*, and the Louisiana Employment Discrimination Law, La. R.S. 23:301-369.
2. For such compensatory damages as are reasonable in the premises, together with legal interest from the date of judicial demand;
3. For trial by jury;
4. For all costs of this proceeding;
5. For reasonable attorney's fees and litigation expenses;
6. For any and all remedies which may be available as proscribed by law.

Certified True and Correct Copy
eCertID: 000049994
Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
9/25/2012 4:28 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

RESPECTFULLY SUBMITTED,

_____
J. Arthur Smith, III
Smith Law Firm
830 North Street
Baton Rouge, LA 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
jasmith@jarthursmith.com
**Attorney for Judy Schilling**

**INFORMATION FOR SERVICE**

Sherri Lebas, Secretary
Louisiana Department of Transportation and Development
1201 Capitol Access Road
Baton Rouge, LA 70804
Telephone: (225) 379-1200
Facsimile: (225) 379-1851

Buddy Caldwell, Attorney General
State of Louisiana
Office of Louisiana Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6705
Facsimile: (225) 326-6793

J.S. "Bud" Thompson, Jr., Director
Risk Management
1201 North Third Street
Claiborne Building, Suite G-192
Baton Rouge, LA 70802
Telephone: (225) 342-6331
Facsimile: (225) 342-8473

CIVIL
- ☒ 01-DAMAGES
- ☐ 02-CONTRACT
- ☐ 03-PRISONER SUIT
- ☐ 04-EXECUTORY PROCESS
- ☐ 05-SUIT ON NOTES
- ☐ 06-EVICTION
- ☐ 07-WORKMANS COMPENSATION
- ☐ 08-JUDICIAL REVIEW
- ☐ 09-PROPERTY RIGHTS
- ☐ 10-INJUNCTION MANDAMUS
- ☐ 11-COMM. PROP. PARTITIONS
- ☐ 12-PUBLIC SERV. COMM.
- ☐ 13-OTHER PARTITIONS
- ☐ 14-OTHER
- ☐ 15-D.E.Q.
- ☐ 16-
- ☐ 17-
- ☐ 18-
- ☐ 19-
- ☐ 20-

FILED
EAST BATON ROUGE PARISH, LA
2012 SEP 21 PM 3:32
DEPUTY CLERK OF COURT



Certified True and Correct Copy
eCertID: 000049994

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/25/2012 4:28 PM

Alteration and subsequent re-filing of this certified copy may violate La R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).