UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUDY SCHILLING

VERSUS

LOUISIANA DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

CIVIL ACTION

NO. 12-00661-SDD-SCR

## ORDER AND RULING

Before the Court is Plaintiff Judy Schilling's *Motion for Partial Reconsideration*[1] seeking review of this Court's *Ruling*[2] granting in part, and denying in part Defendant Louisiana Department of Transportation and Development's (DOTD) first and second *Motions for Partial Summary Judgment*.[3] In particular, Schilling seeks reconsideration of the Court's *Ruling* on her claim that DOTD's failure to provide her with the requested accommodations caused her health to worsen.[4] DOTD has filed a *Memorandum in Opposition*.[5] For the following reasons, the Court grants Schilling's *Motion for Partial Reconsideration*[6] and amends its July 28, 2014 *Ruling*[7] accordingly.

---

[1] Rec. Doc. 83.
[2] Rec. Doc. 80.
[3] Rec. Doc. 21 and Rec. Doc. 22.
[4] Rec. Doc. 83-1.
[5] Rec. Doc. 85.
[6] Rec. Doc. 83.
[7] Rec. Doc. 80.

The Court is granting reconsideration for the purposes of clarifying its earlier ruling. In granting partial summary judgment and dismissing Plaintiff's claims that DOTD's failure to provide reasonable accommodations caused the plaintiff's health conditions to worsen, the Court made the following statement:

> The Court finds that D.C. Carter's testimony *as to causation* is speculative as she has not been designated an expert.[8]

In fact Carter had been designated by the plaintiff's as a treating physician and therefore is permitted to give opinion testimony without the need for providing a Rule 26 report. However, the Court made it clear that while the plaintiff's treating physicians, D.C. Carter[9] and Dr. Schilling would be permitted to testify as experts without the prerequisite Rule 26 report required of retained experts, the treating physicians could give testimony "concerning treatment and diagnosis"[10] and could "provide medical opinions formed during the course of treating the [plaintiff]."[11]

In opposing summary judgment, Plaintiff relied on opinion testimony elicited by the Plaintiff in the discovery depositions of the Plaintiff's treating Chiropractor and Rheumatologist that the Defendant's alleged failure to accommodate caused Plaintiff's conditions to worsen.[12] Where, as in this case, Plaintiff's counsel during a discovery deposition asks Plaintiff's treating physician to formulate an opinion that was not formed during the course of treatment and is based on sources outside of those utilized by the treating physician during Plaintiff's treatment (i.e., another physician's recommendation

---

[8] Rec. 80, p.27
[9] Plaintiff's Chiropractor and Rheumatologist.
[10] Rec. 52
[11] Rec. 58.
[12] Rec. 44, 44-5 and 44-6

for accommodations),[13] district courts within this circuit have found that those physicians' testimony extended beyond that of a treating physician; therefore, an expert report was deemed necessary.[14] The Court finds that these district court cases are persuasive. Accordingly, the Court finds that its finding that D.C. Carter's testimony as to causation was speculative was not in error, as it exceeded her scope of testimony as a treating physician.

Even if the opinions of Carter and Schilling on causation are considered the Court's ultimate conclusion does not change. D. C. Carter specifically requested that Schilling be permitted to wear slipper-like shoes at work. In essence it was D.C. Carter's opinion that wearing slipper-like shoes would accommodate the plaintiff's medical condition. However, Carter made no recommendation that Schilling be provided with a door to her office or that Schilling receive a handicap parking place. In short, Carter expressed no medical opinion on the need for a door or a handicap parking place.

---

[13] *Duke v. Lowe's Homes Centers, Inc.*, 2007 WL 3094894, at *1 (N.D.Miss. Oct. 19, 2007)(district court concluded that treating physicians could testify without complying with exchange of expert reports but testimony was "limited to those facts and opinions contained in [the] medical records."); *Lowery v. Spa Crafters, Inc.*, 2004 WL 1824380, at *2 (W.D.Tx. August 16, 2004)("While a treating physician may be called to testify at trial without the requirement of a written report, this testimonial exception is limited to facts and circumstances developed during the care of the patient. Thus, when a physician's proposed opinion testimony extends beyond that care or treatment, and the physician's specific opinion is developed in anticipation of trial, the treating physician becomes an expert from whom an expert report is required.")

[14] *Tolliver v. U-Haul Co. of Texas*, 2011 WL 3626328, at *3 (W.D. La. Aug. 17, 2011)(not reported)(" [W]hen a physician's opinions do not encompass merely the ordinary care of a patient, such as opinions regarding his medical condition, diagnosis, prognosis, but extend to conclusions as to ultimate cause of the patient's conditions, an expert report is required. **Here, Dr. Williams and Dr. Cobb intend to testify as to the cause of Mr. Tolliver's injuries, and the scope of this testimony extends beyond that of a treating physician. Thus, an expert report is required for those opinions.**")(emphasis added); See, *Henderson v. Turner*, 2012 WL 3109481, at*2 (M.D.La. July 31, 2012)(not reported) ("If the defendants intend to call Dr. Tarver as a treating physician regarding causation, his proposed testimony, opinions and the bases relating thereto shall be provided to the plaintiffs in writing within 30 days from the date of this order." In another Eastern District of Louisiana decision, the court explained that "[t]he Defendant need [not] be concerned that those treating physicians will range far and wide in their testimony; because they qualify for the special exception to the expert report rule, treating physicians may only testify about 'the actual treatment they rendered to the plaintiff and opinions derived directly therefrom.'" *Morgan v. Chet Morrison Contractors, Inc.*, 2008 WL 7602163, *2 (E.D.La. July 8, 2008)(quoting *Gray v. Vastar Offshore, Inc.*, No. Civ. A. 04-1162, 2005 WL 399396, at *1 (E.D.La. Feb. 14, 2005)(Vance, J.)).

Hence, Carter's opinion as to whether the denial of *all* of these requests "caused her health conditions to progressively become worse" is speculative and beyond the scope of permissible treating physician opinion testimony. Since Carter did not prescribe an office door or a handicap parking place for the plaintiff it cannot be said that Carter's causation opinions were integral to her treatment and care of the plaintiff.[15] The Court concludes that the plaintiff's treating Chiropractor's opinion that the alleged failure to provide accommodations prescribed by other physicians exacerbated the plaintiff's condition is not competent summary judgment opinion evidence.

Furthermore, Dr. Shannon, Schilling's treating rheumatologist, testified that he "didn't see overall change" in Schilling's condition from the time he began treating her in 2006 through May of 2012.[16] Therefore, upon reconsideration of the testimony of Schilling's treating physicians, the Court finds that no reasonable trier of fact could conclude that DOTD's failure to provide reasonable accommodations caused Schilling's medical conditions to worsen.

The Court further finds no merit in Schilling's argument that the Court erroneously applied "but for" causation to Plaintiff's claim of worsening health as the Court did not apply such a heavy causation standard to this claim. Rather, the Court, relying on Fifth Circuit jurisprudence, correctly applied the "but for" causation standard at the appropriate stage to Schilling's retaliation claim.[17]

---

[15] *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)
[16] Rec. Doc. 44-6, pp. 19-20.
[17] Rec. Doc. 80, pp. 37, 42-44. "In other words, 'the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred." *Seaman v. CSPH*, 197 F.3d 297, 301 (5th Cir. 1999).

Accordingly, the Court hereby amends its *Ruling* to the extent that it erroneously stated that D.C. Carter had not been designated as an expert.[18] However aside from this error and for those reasons stated herein, the Court finds that its *Ruling* is correct and Schilling's claim that DOTD's failure to provide her with reasonable accommodations caused her health to worsen was properly dismissed with prejudice.

Baton Rouge, Louisiana the 4th day of August, 2014.

SHELLY D. DICK, DISTRICT JUDGE
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. 80.