# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDY SCHILLING** | **CIVIL ACTION NO. 3:12-CV-0661-SDD-SCR** |
| **VERSUS** | |
| **LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT** | |

## PLAINTIFF'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, Judy Schilling, respectfully requesting that the attached additional jury instructions be provided to the jury.

                **RESPECTFULLY SUBMITTED:**

                /s/J. Arthur Smith, III
                **J. ARTHUR SMITH, III**
                La. Bar Roll No. 07730
                **ADRIENNE D. RACHEL**
                La. Bar Roll No. 34391
                **SMITH LAW FIRM**
                830 North Street
                Baton Rouge, Louisiana 70802
                Telephone: (225) 383-7716
                Facsimile: (225) 383-7773
                E-mail: jasmith@jarthursmith.com
                E-mail: arachel@jarthursmith.com
                **COUNSEL FOR PLAINTIFF**

## PROPOSED JURY CHARGE NO. 22

As a matter of law, "no-fault" policies allowing employers to terminate employees because of their disability after the exhaustion of sick leave violate the ADA. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2)(ii); US Airways, Inc. v. Barnett, 535 U.S., 122 S. Ct. 1516, 1521 (2002); EEOC Compliance Manual, No. 915.002 at 17.

## PROPOSED JURY CHARGE NO. 23

The ADA mandate that employers must provide reasonable accommodations makes the ADA different from most other anti-discrimination legislation. For example, race discrimination statutes mandate equality of treatment, in most cases prohibiting consideration of race in any employment decision. In contrast, an employer who treats a disabled employee the same as a non-disabled employee may violate the ADA. By requiring reasonable accommodation, the ADA shifts away from similar treatment to different treatment of the disabled by accommodating their disabilities. Riel v. Electronic Data Systems Corp., 99 F.3d 678,681 (5th Cir. 1996).