**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JUDY SCHILLING | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 12-00661-SDD-SCR |
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | |

**RULING**

After a three-day jury trial, a verdict was entered in favor of the DOTD wherein the jury concluded that the DOTD had not intentionally failed to reasonably accommodate Schilling's disabilities. Within 28 days of the entry of the *Judgment*,[1] Schilling filed the pending *Motion to Alter or Amend Judgment or, in the Alternative, Motion for New Trial*.[2] DOTD has filed a *Memorandum in Opposition* in response.[3]

**I.     THE PARTIES' ARGUMENTS**

Schilling's argument is essentially two-fold. First, Schilling contends that she is entitled to a new trial because the evidence on the issues of liability was so overwhelmingly in her favor that no jury could have rationally concluded that the DOTD did not intentionally fail to reasonably accommodate her disabilities. Secondly, Plaintiff contends that the Court committed substantial prejudicial error by declining to include jury instructions regarding the DOTD's liability for its delay in engaging in the interactive process and providing reasonable accommodations.

---

[1] Rec. Doc. 107.
[2] Rec. Doc. 109.
[3] Rec. Doc. 111.

DM 23615                                                                 1

In opposition, the DOTD argues that the jury's verdict was supported by the great weight of the evidence and does not warrant a new trial. The DOTD further dismisses Schilling's argument of jury instruction error contending that Schilling has failed to make the requisite showing of manifest error or substantial prejudice necessary for the relief she seeks.

## II. LAW AND ANALYSIS

### A. Motion to Alter or Amend Judgment

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[4] "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[5] and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[6] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[7] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[8] As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding

---

[4] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[5] *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)(quoting *Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir. 1990)).
[6] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004).
[7] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[8] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La. 2000)).

whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[9]

Plaintiff fails to argue or allege any of the above mentioned grounds. Accordingly, the Court shall deny Plaintiff's *motion* to the extent she seeks to alter or amend the judgment.

B.   **Motion for New Trial**

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure states that a district court "may, on motion, grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  It is left to the district court's "sound discretion" as to whether it will grant or deny a motion for new trial.[10]  Although Rule 59(a) does not list specific grounds for a new trial, the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[11]  When a party moves for a new trial on evidentiary grounds, the court will not grant a new trial unless "the verdict is against the great weight of the evidence."[12]  Ultimately, the court must view the evidence in "a light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion."[13]  "Where

---

[9] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D.La. Oct. 11, 2013)(quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).
[10] *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).
[11] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(citations omitted); *See also*, *Kohler v. Englade*, 365 F.Supp.2d 758, 761 (M.D.La. 2005).
[12] *Pryor*, 138 F.3d at 1026.
[13] *Dawson v. Wal-Mart Stores*, 978 F.2d 205, 208 (5th Cir. 1992)(citing *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989)).

the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld."[14]

1. <u>Great Weight of the Evidence and Jury's Verdict</u>

Schilling contends she is entitled to a new trial because the great weight of the evidence presented at trial was so overwhelmingly in her favor that it could not support the jury's verdict. Specifically, Schilling argues that the evidence established that the DOTD intentionally failed to accommodate her three requests for accommodations: (1) handicapped parking space in the rear of the office building; (2) permission to wear slipper-like shoes to work; and (3) sound barrier to her office. For the following reasons, however, the Court finds otherwise.

As for her first accommodation, the evidence at trial established that, in spite of Schilling's failure to comply with the DOTD protocol for requesting accommodations and her physicians' testimony that they had not requested a handicap parking space on her behalf, Schilling nonetheless received the requested handicap parking space. At trial Schilling offered no evidence establishing that any delay in receiving her requested handicap parking spot caused her any damage, or that the DOTD intentionally failed to accommodate her request. As for Schilling's request to wear "slipper-like shoes", the great weight of the evidence, including Schilling's own testimony, established that she was permitted to wear slippers at her desk as requested by her chiropractor. Schilling has offered not one scintilla of evidence from the trial to contradict this. As for her request for the installation of a door to her office (aka "sound barrier"), Schilling's argument here ultimately turns on a credibility determination. At trial, at least three individuals testified that Schilling was offered another office as an alternative reasonable

---

[14] *Id.*

accommodation. And yet, Schilling contends that another witness' conflicting testimony should be given greater weight. Essentially, Schilling is dissatisfied with the jury's weighing of evidence and determination of witness credibility. However, the Fifth Circuit recently stated that these are not valid grounds upon which to grant a new trial or alter a judgment.[15] Accordingly, Schilling's *motion* for new trial shall be denied.

2. Prejudicial Error As To Non-Precedential Jury Instructions

Schilling also contends that a new trial is warranted because the Court committed prejudicial error when it "declined to instruct the jury as to the effect and meaning of delays in providing accommodations."[16] Specifically, Schilling argues that the jury should have been instructed that an employer's delay in engaging in the interactive process and/or delay in providing accommodations constitutes a failure to accommodate under the ADA.

According to the Fifth Circuit, "[a] new trial is the appropriate remedy for prejudicial errors in jury instructions."[17] However, "[t]he question on appeal is not whether the instruction was faultless in every respect, but whether the jury, considering the instruction as a whole, was misled … Thus only in those cases where the reviewing court has substantial doubt whether the jury was fairly guided in its deliberations should the judgment be disturbed."[18] The Fifth Circuit has also explained that district courts

---

[15] *Bovie-Clark v. Sentry Select Ins. Co.*, 568 Fed.Appx. 312, 313 (5th Cir. 2014)(unpublished).
[16] Rec. Doc. 109-1, p. 8.
[17] *Aero Intern., Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983)(citing *NMS Industries, Inc. v. Premium Corp. of America, Inc.*, 451 F.2d 542, 545 (5th Cir. 1971); *Phillips v. State Farm Mut. Auto. Ins. Co.*, 437 F.2d 365 (5th Cir. 1971)).
[18] The Fifth Circuit has also explained that a "district court's refusal to give a requested jury instruction constitutes reversible error only if the instruction 1) was a substantially correct statement of law, 2) was not substantially covered by the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Cranford v. Morgan Southern, Inc.*, 421 Fed.Appx. 354, 356 (5th Cir. 2011)(unpublished)(quoting

have "substantial latitude in crafting jury instructions"[19] and a district court's refusal to provide a requested jury instruction is reviewed for abuse of discretion.[20]

The Achilles heel of Schilling's argument is her failure to address the simple fact that none of her proposed jury instructions were derived from Fifth Circuit jurisprudence. Rather, Schilling's proposed instructions were derived from legal principles taken from the Third Circuit Court of Appeals, Seventh Circuit Court of Appeals, Tenth Circuit Court of Appeals, the District Court for the District of Columbia, and the EEOC Enforcement Guide. None of these points of law are binding on the Fifth Circuit. Additionally, the proposed instructions do not stand for the position now advocated by Schilling, which the Court sums up as follows: an employer's delay in providing accommodations and engaging in the interactive process requires a finding of an ADA violation. At best these instructions suggest that one *may* find an employer liable under the ADA for its delay under certain circumstances.[21] Accordingly, the Court finds that because Schilling's proposed instruction on liability was not derived from Fifth Circuit precedent, the failure to give the proposed charge is not prejudicial error to support a new trial.

Even if the Court's decision to exclude Plaintiff's requested instructions was erroneous, it would not rise to the level of reversible error, considering that Plaintiff presented testimonial evidence and argued her position that the DOTD delayed

---

*Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004)(quotations omitted)(alterations original)).
[19] *Cranford v. Morgan Southern, Inc.*, 421 Fed.Appx. 354, 356 (5th Cir. 2011)(unpublished)(quoting *United States v. McClatchy*, 249 F.3d 348, 356 (5th Cir. 2001)). *See also*, *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 348 (5th Cir. 2008)("Courts are given wide latitude in formulating jury charges.").
[20] *Bagby Elevator Co., Inc. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010).
[21] Schilling directs the Court's attention to the Fifth Circuit decision, *Loulseged v. Akzo Nobel Inc.*, as support for such an instruction. However, the *Loulseged* court explained: "Nothing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process and preempt any possible concerns. Instead, we believe that in an informal process the employer is entitled to move at whatever pace he chooses as long as the ultimate problem—the employee's performance of her duties—is not truly imminent." 178 F.3d 731, 737 (5th Cir. 1999).

providing her with the requested accommodations. The jury, after considering all of the evidence, and making credibility determinations, concluded that the DOTD had not intentionally failed to accommodate Plaintiffs' requests for accommodations. Hence, "[the] challenged instruction[s] could not have affected the outcome of the case."[22]

## III. CONCLUSION

Accordingly, Plaintiff Judy Schilling's *Motion to Alter or Amend Judgment or, in the Alternative, Motion for New Trial*[23] is denied.

Signed in Baton Rouge, Louisiana, on October 29, 2014.

                                           */s/ Shelly D. Dick*
                               **JUDGE SHELLY D. DICK**
                               **UNITED STATES DISTRICT COURT**
                               **MIDDLE DISTRICT OF LOUISIANA**

---

[22] *Bagby Elevator Co.,* 609 F.3d at 772 (5th Cir. 2010)(quoting *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 494 (5th Cir. 2002)).
[23] Rec. Doc. 109.