**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JUDY SCHILLING | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 12-00661-SDD-SCR |
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | |

**MEMORANDUM RULING**

Before the Court is Schilling's *Motion for Leave to Proceed on Appeal In Forma Pauperis and Directing Preparation of Transcript*.[1] Rule 24(a)(1) of the Federal Rules of Appellate Procedure requires any party "to a district-court action who desires to appeal *in forma pauperis* [to] file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." 28 U.S.C. § 753(f) sets forth the criteria that Schilling must satisfy in order to obtain a transcript at government expense. Specifically, the Court must certify that Schilling's appeal is not frivolous but presents a substantial question.

In this instance, the Court finds that Schilling has satisfied the three technical requirements necessary to proceed *in forma pauperis* on appeal.[2] Schilling's affidavit shows that she satisfies the economic eligibility criterion.[3] Schilling claims she is

---

[1] Rec. Doc. 114.
[2] Fed. R. App. P. 24(a)(1)(italics added).
[3] In her *Application to Proceed in District Court Without Prepaying Fees or Costs*, Schilling attested to the fact that her monthly income totals $905.26 (disability payments), she has $135.00 in her two checking accounts, $5.00 in her savings account, and her home is valued at $90,000.00. As for her monthly

entitled to redress on the jury verdict and the *Ruling* on the *Motion to Alter or Amend Judgment, or, in the Alternative, Motion for New Trial.*[4] She further states that she "intends to present the issue of whether the Defendant's delay in engaging in the interactive process and/or providing reasonable accommodations is a violation of the Americans with Disabilities Act on appeal."[5]

In addition to these technical requirements, the Court must also consider whether Schilling's appeal for *in forma pauperis* status is taken in good faith.[6] The Fifth Circuit has set forth the following standard that district courts must apply when considering a motion for leave to appeal *in forma pauperis*:

> Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith. See also Fed.R.App.P. 24(a). "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed. 2d 21(1962). An investigation into the *in forma pauperis* movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Woodall v. Foti*, 648 F.2d 269, 271 (5th Cir. 1982).[7]

The issue Schilling intends to present on appeal is whether the DOTD's delay in engaging in the interactive process and/or providing reasonable accommodations *is* a violation of the Americans with Disabilities Act ("ADA"). Schilling contends that the jury instructions should have included an instruction reflecting this legal position. As the Court explained its *Ruling* denying Schilling's *Motion to Alter or Amend Judgment or, in*

---

expenses, they total $793.05 and Schilling further attested to spending $20,531.16 for past or future expenditures for attorney's fees related to her lawsuit. Rec. Doc. 114-3.
[4] Rec. Doc. 114-1, p. 2.
[5] Rec. Doc. 114-1, p. 2.
[6] 28 U.S.C. § 1915(a)(3).
[7] *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)(italics added).

*the Alternative, Motion for New Trial*, this legal principle, being derived from other circuits and secondary sources, is non-binding on the Fifth Circuit.[8] While there is some persuasive support for the premise that, in some circumstances, an employer's delay in engaging in an interactive process and/or providing the requested accommodations *may* support a finding of liability under the ADA, there is no legal support for the position advocated by Schilling, which is that a "delay in engaging in the interactive process and/or providing reasonable accommodations *is* [*ipso facto*] a violation of the Americans with Disabilities Act on appeal."[9]

Accordingly, the Court finds that the issue Schilling intends to present on appeal lacks legal merit. Therefore, the Court hereby declines to certify Schilling's appeal for *in forma pauperis* status because it is not taken in good faith.

Based on the Court's refusal to certify Schilling's appeal for *in forma pauperis* status, the Court hereby further denies Schilling's request to obtain a transcript at government expense, pursuant to 28 U.S.C. § 753(f).[10]

---

[8] Rec. Doc. 112, p. 6.
[9] Rec. Doc. 114-1, p. 2. To the contrary the Fifth Circuit has explained that "Nothing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process and preempt any possible concerns. Instead, we believe that in an informal process the employer is entitled to move at whatever pace he chooses as long as the ultimate problem—the employee's performance of her duties—is not truly imminent." *Loulseged v. Akzo Nobel Inc* 178 F.3d 731, 737 (5th Cir. 1999).
[10] 28 U.S.C. § 753(f) states in pertinent part that "[f]ees for transcripts furnished in other proceedingsJanuary 5, 2015 permitted to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge … certifies that the appeal is not frivolous (but presents a substantial question)." (italics added).

For the foregoing reasons, Schilling's *Motion for Leave to Proceed on Appeal In Forma Pauperis and Directing Preparation of Transcript* is hereby DENIED.[11]

Signed in Baton Rouge, Louisiana the 5th day of January, 2015.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 114.