## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

October 26, 2016

Mr. Michael L. McConnell  
Middle District of Louisiana, Baton Rouge  
United States District Court  
777 Florida Street  
Room 139  
Baton Rouge, LA 70801

    **No. 14-31338    Judy Schilling v. LA Dept of Trans & Development**  
                     USDC No. 3:12-CV-661

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____  
                        Sabrina B. Short, Deputy Clerk  
                        504-310-7817

cc:  
    Ms. Margaret A. Collier  
    Mr. David Glen Sanders  
    Mr. Joseph Arthur Smith III

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 14-31338

_____

D.C. Docket No. 3:12-CV-661

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

JUDY SCHILLING,

    Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT,

    Defendant - Appellee

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

Before JONES, DENNIS, and PRADO, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



Certified as a true copy and issued
as the mandate on Oct 26, 2016

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

REVISED October 5, 2016

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31338

United States Court of Appeals
Fifth Circuit
**FILED**
October 4, 2016
Lyle W. Cayce
Clerk

JUDY SCHILLING,

      Plaintiff–Appellant,

v.

LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT,

      Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-661

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

      Plaintiff–Appellant Judy Schilling appeals following a trial in which the jury returned a verdict for Defendant–Appellee Louisiana Department of Transportation and Development ("DOTD") on Schilling's claim under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31338

Americans with Disabilities Act ("ADA"). For the reasons stated below, we AFFIRM.

## I. BACKGROUND

There is no dispute that Schilling is disabled within the meaning of the ADA. During her employment, Schilling requested several accommodations.

In 2007, Schilling requested a handicapped parking spot. Following this request, DOTD converted a spot into a handicapped space for her. Schilling, however, characterizes this accommodation as unreasonable because that spot was far from her office, which was located in the rear of the building. DOTD provided a handicapped parking space in the rear of the building around October 2009.

Also in 2007, Schilling requested that a door be installed on the office that she shared with another employee because ambient office noise distracted her. While this request was initially denied, DOTD sought to accommodate Schilling's needs by instructing other employees not to make as much noise and by closing the door to the main hallway. One of Schilling's supervisors, Connie Standige, testified that she offered Schilling a different office with a door, which Schilling declined. DOTD finally installed a door in March 2011.

In March or April 2008, Schilling requested that she be allowed to wear slippers or slipper-like shoes to help with her pain and balance. A note from one of her doctors supported this request and recommended that she be allowed "to wear light weight, non-binding foot wear, something slipper like. This is to keep any compression off of her legs and feet, while seated at a desk." DOTD's formal safety policy explicitly prohibited employees from wearing slippers at the workplace. One of Schilling's supervisors testified that in April 2008, she gave Schilling permission to wear slipper-like shoes while at her desk, and "soft rubber sole" shoes in the hallways. Schilling testified that she began wearing slippers at her desk before asking for permission to do so, and continued

Case: 14-31338    Document: 00513735688    Page: 3    Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR    Document 124    10/27/16    Page 5 of 10

No. 14-31338

wearing slippers after April 2008. She also testified that she was never disciplined for wearing slippers at work. Nevertheless, Schilling contends that DOTD failed to accommodate her request because it did not amend its formal workplace policies to allow for her to wear slippers at her desk and did not permit her to wear slippers in all areas of the workplace.

In May 2012, Schilling was terminated after she exhausted her available leave under the Family Medical Leave Act. After filing a claim with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter, Schilling filed suit in Louisiana state court alleging that DOTD failed to timely provide her requested accommodations and that she was subjected to a hostile work environment in retaliation for requesting accommodations. DOTD removed the case to federal court. After several of her claims were dismissed at summary judgment, Schilling's case proceeded to trial.

Prior to trial, Schilling submitted Joint Proposed Jury Instructions. As part of the instruction for failure to accommodate under the ADA, the proposal included several instructions regarding the effect of an employer's alleged delay in addressing an employee's requests for accommodation. Specifically, these proposed instructions provided:

> 7. "A party that obstructs or delays the interactive process is not acting in good faith." "An absence of good faith, including unreasonable delays caused by an employer, can serve as evidence of an ADA violation."
>
> 8. The EEOC Enforcement Guide, at 10 mandates that "an employer respond expeditiously to a request for a reasonable accommodation."
>
> 9. An employer may also violate the ADA where the employer's failure to reasonably accommodate an employee's disability causes the employee's condition to worsen or to be aggravated.
>
> 10. Unnecessary delays can result in a violation of the ADA. Delay alone may give rise to liability for failure to accommodate even where a reasonable accommodation ultimately is provided. Factors

3

Case: 14-31338    Document: 00513735688    Page: 4    Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR    Document 124    10/27/16    Page 6 of 10

No. 14-31338

to consider in determining whether the accommodation was unnecessarily delayed include: the reasons for delay, the length of the delay, how much the employer and the employee contributed to the delay, the employer's actions during the delay, and whether the requested accommodation was simple or complex to provide.

Over Schilling's objection, the district court declined to give these instructions. As the district court explained, it refused to give the proposed instructions because they were not based on Fifth Circuit case law and were already covered by the court's other instructions.

Following a three-day trial, the jury returned a verdict in favor of DOTD. Schilling filed a motion to alter the judgment or, in the alternative, for a new trial, arguing that (1) the verdict was clearly erroneous and (2) the district court erred by refusing to give the above jury instructions. The district court denied Schilling's motion and this appeal followed.

## II. DISCUSSION

On appeal, Schilling challenges the district court's decision not to give her requested jury instructions regarding delay.[1]

### A.    Standard of Review

"This Court reviews a district court's refusal to provide a requested jury instruction for abuse of discretion." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004) (quoting *United States v. McClatchy,* 249 F.3d 348, 356 (5th Cir. 2001)). We afford district courts "substantial latitude . . . in describing the law to the jury." *United States v. Wright*, 634 F.3d 770, 774 (5th Cir. 2011) (quoting *United States v. Williams*, 610 F.3d 271, 285 (5th Cir. 2010)). And we will only reverse a district court based on its decision not to give a requested instruction if that instruction "1) was a substantially correct

---

[1] In Schilling's opening brief, she also challenges the jury's verdict as being unsupported by the evidence and thus clearly erroneous. In her reply, however, she states that she "does not seek reversal of the jury verdict based on insufficiency of the evidence." Schilling has accordingly abandoned this argument, and we will not address it here.

4

Case: 14-31338    Document: 00513735688    Page: 5    Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR    Document 124    10/27/16    Page 7 of 10

No. 14-31338

statement of law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Kanida*, 363 F.3d at 578 (alterations in original) (quoting *McClatchy*, 249 F.3d at 356).

**B.    Analysis**

The district court did not abuse its discretion by declining to give the proposed jury instructions at issue here. Essentially, the proposed instructions sought to direct the jury that "[d]elay alone may give rise to liability for failure to accommodate even where a reasonable accommodation ultimately is provided." DOTD argues that because this "delay" instruction had no basis in Fifth Circuit precedent, it was not a substantially correct statement of law. Indeed, the proposed instructions were all drawn from out-of-circuit decisions and nonbinding EEOC guidance, discussed below. Schilling concedes that her proposed delay instruction was not based on Fifth Circuit precedent, but asks us to decide this issue as res nova.

Schilling's proposed delay instruction was not a substantially correct statement of law in this Circuit such that it was abuse of discretion to exclude it. This does not mean the instruction was necessarily incorrect, although we do not decide whether delay alone may rise to the level of an ADA violation. By way of background, an employer's failure to make "reasonable accommodations" for a disabled employee may constitute unlawful discrimination under the ADA. 42 U.S.C. § 12112(b)(5)(A). For an employer "[t]o determine the appropriate reasonable accommodation it may be necessary . . . to initiate an informal, interactive process with the [disabled employee]." 29 C.F.R. § 1630.2(o)(3). We have held that once an employee has made a request for an accommodation of her disability, "the employer is obligated by law to engage in an 'interactive process': 'a meaningful dialogue with the

5

Case: 14-31338   Document: 00513735688   Page: 6   Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR   Document 124   10/27/16   Page 8 of 10

No. 14-31338

employee to find the best means of accommodating that disability.'" *Equal Emp't Opportunity Comm'n v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009) (quoting *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 108 (1st Cir. 2005)). "When an employer does not engage in a good faith interactive process, that employer violates the ADA . . . ." *Id.*

Several courts have elaborated that an employer's (or employee's) delay in providing reasonable accommodation may show a lack of good faith in the interactive process. *See, e.g.*, *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party that obstructs or delays the interactive process is not acting in good faith."). In this way, "unreasonable delay may amount to a failure to provide reasonable accommodations." *Valle–Arce v. P.R. Ports Auth.*, 651 F.3d 190, 200 (1st Cir. 2011). In line with this authority, EEOC enforcement guidance states that "[u]nnecessary delays can result in a violation of the ADA." Equal Emp't Opportunity Comm'n, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (2002).

This Court has discussed only in dicta whether delay alone may constitute an ADA violation. In *Loulseged v. Akzo Nobel Inc.,* 178 F.3d 731 (5th Cir. 1999), we suggested that in certain circumstances "[a]n employer's delaying of the [interactive] process . . . might create liability" under the ADA. *Id.* at 737 n.6. We cautioned, however, that "[n]othing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process and preempt any possible concerns." *Id.* at 737. Therefore, although our precedent is not opposed to Schilling's delay instruction, neither is the instruction required by it.

A district court may only abuse its discretion when it fails to instruct the jury on the law of the circuit. *See Ratliff v. City of Gainesville,* 256 F.3d 355, 363 (5th Cir. 2001) (holding that the district court did not err in rejecting a

6

Case: 14-31338    Document: 00513735688    Page: 7    Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR    Document 124    10/27/16    Page 9 of 10

No. 14-31338

"taint" instruction not required by our precedent). Because Schilling's proposed instructions were not based on this Court's precedent, the district court did not abuse its discretion by declining to give them to the jury. Thus, we affirm the district court's denial of Schilling's motion for a new trial.

Our conclusion is supported by the fact that Schilling was able to—and did—argue at trial that DOTD's delay violated the ADA. *See Kanida*, 363 F.3d at 579 (explaining that counsel could argue an inference of pretext even if the judge did not include a "permissive pretext" instruction). She raised this argument in her opening statement. She testified about the time that elapsed between her requests for accommodation and when they were realized. She questioned DOTD employees about how long it took to accommodate her requests. And most importantly, undue delay was one of Schilling's principal themes at closing. For example, Schilling's counsel stated: "I want to remind the jury as to what we are talking about here are reasonable accommodations. That's the key word, reasonable. If it's not reasonable they have broken the law. And so the delay . . . is important in determining whether the defendants acted reasonably." Schilling later argued that DOTD's accommodations, "if provided at all[,] . . . were provided too late to be effective." While it is possible that counsel's arguments were not as impactful as an instruction from the judge would have been, Schilling clearly presented her claim that DOTD's unreasonable delay violated the ADA. Accordingly, the district court's refusal to give Schilling's specific instructions regarding delay did not seriously impair her ability to present this claim to the jury.

In addition, the delay instruction was arguably covered by the jury instructions as a whole. The district court instructed the jury in relevant part:

> When a qualified individual with a disability requests a reasonable accommodation[,] the employer and employee should engage in a flexible interactive discussion to determine the appropriate accommodation. The interactive process is an informal one

7

Case: 14-31338    Document: 00513735688    Page: 8    Date Filed: 10/26/2016
Case 3:12-cv-00661-SDD-SCR    Document 124    10/27/16    Page 10 of 10

No. 14-31338

> requiring input not only from the employee but also from the employer. The process requires communication and good faith exploration. A meaningful interactive process should involve dialogue between the employer and the employee in which they both communicate with each other with the goal of determining an appropriate and reasonable accommodation.
>
> When an employer fails to engage in a good faith interactive process which leads to a failure to reasonably accommodate an employee, the employer violates the Americans with Disabilities Act.

Schilling argues that the above instructions implied that failure to engage in a good faith interactive process only violates the ADA when there is no accommodation at all. These instructions accurately summarized the law of this Circuit regarding the interactive process, however. Indeed, undue delay is only an ADA violation to the extent it renders an accommodation (if any) unreasonable; the statute provides no separate claim for undue delay. As this Court has observed, the manner in which an employer engages in the interactive process and the speed at which that process occurs inform whether the employer has acted in good faith. *See Loulseged,* 178 F.3d at 737 & n.6. These "good faith" instructions therefore substantially encompassed Schilling's claim that DOTD's undue delay in accommodating her disabilities violated the ADA.

### III. CONCLUSION

For the foregoing reasons, the district court is AFFIRMED.